[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: A. A. TRUCK RENTING CORP.'S MOTION TO OPEN DEFAULT
This action was brought against William Bartone. A. A. Truck Renting Corp. and M. Slavin Sons, Ltd. by Pamela Krohn for injuries sustained in a collision between a truck operated by Bartone, owned by Slavin and leased from A. A. Trucking.
Bartone and Slavin were represented by counsel and A. A. was not, until December 8, 1998. Counsel appeared for the other two defendants, only, on January 14, 1998. Default for failure to appear was entered against A. A. on March 2, 1998. The plaintiff filed a Motion for Judgment upon the default on December 9, 1998. AA's Motion to Argue against this motion was filed on December 10, 1998, as was its Motion to Open the Default.
The defendant argues that the default should be opened because the case was settled at a mediation session on November 5, 1998. It claims that the entire case was settled as a result of the mediation. A. A. claims that one of its attorneys confirmed with plaintiff's counsel that the mediation was to resolve all of the plaintiff's claims including its claim against A. A.
Krohn claims through her attorney that there was no discussion that the mediation was to settle the entire matter. Krohn's position in this regard is supported by the position papers filed by the parties with the mediator.
The defendant's paper states in pertinent part:
 ". . . The defendant contends that the co-defendant [A. A. Truck Renting Corp. ] might have been negligent in its maintenance of the truck . . . Kemper, carrier for William Bartone and M. Slavin Sons, is willing to proceed with mediation to try to settle the matter."
The court finds that this position paper makes it clear that the attorney representing Bartone and Slavin was not representing A. A. at the mediation. The plaintiff's position paper clearly CT Page 53 states:
 "A third-named defendant, A. A. Truck Renting Corp. . . . has been defaulted for failure to appear."
And earlier on, the plaintiff's paper states:
 "The participating defendants in this mediation are William P. Bartone . . . and M. Slavin Sons, Ltd . . . Both are represented by Patrice Noah of the Law Offices of Michael Brodinsky."
A review of the two position papers confirms that neither party believed that AA was involved in this mediation. In fact, there was no appearance in the case for A. A. at the time of the mediation.
Defendant counsel claims that in a telephone conversation with the mediator, she advised him that A. A. was an insured of Kemper, that she had been instructed to enter an appearance on its behalf, and that Kemper wished to "proceed with mediation to settle the entire case." Counsel for plaintiff states that she had no knowledge of any such conversation and was never told about it by defense counsel. Furthermore, defense counsel did not file an appearance for A. A. prior to the mediation and in her position paper she makes it clear she did not represent A. A. at that time.
After reading the briefs of both parties, the court is convinced that there was no discussion or agreement that the mediation settlement was to resolve the case against A. A. The court further notes that the settlement check and release are as to the other two defendants and not A. A.
After the plaintiff moved for judgment against A. A. and only then did counsel appear on its behalf.
Defendant next argues that the default can be set aside where no judgment has been rendered and good cause has been shown. Practice Book § 17-42. In this case, the defendant has failed to disclose any good cause as to why no appearance was filed from March 2, 1998, when the default was entered until after the plaintiff's motion for judgment upon default and a claim for a hearing in damages both dated December 7, 1998, and filed in the court on December 10, 1998. CT Page 54
The defendant makes claims in its brief that the mediator was told that the two defendants represented by Noah expected to settle the entire case. However, there is no supporting affidavit by the mediator to this effect, nor does counsel for the plaintiff recall any such discussions, nor does Krohn who was also present at the time. Furthermore, the defendant's position paper clearly shows no representation of A. A. as part of the settlement. Counsel had not even appeared on A. A.'s behalf.
The Motion to Open Default is denied.
D. Michael Hurley Judge Trial Referee